### BRYAN et al. v. ROGERS ASBESTOS CO., Inc.
### No. 11209.

Court of Civil Appeals of Texas. Dallas.
April 15, 1933.

Rehearing Denied May 13, 1933.

E. P. Bryan, of Dallas, for appellants.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellee.

BOND, Justice.

This is an action brought by appellee, Rogers Asbestos Company, Inc., against appellant E. P. Bryan for the balance due on a written contract entered into by the parties, wherein appellee agreed to furnish and apply Carey 12″ Hexagonal shingle roof to the deck of an apartment building, according to the manufacturer's specification, for the price of "time and material, not to exceed the sum of $325."

The record comes to this court without a statement of facts, appellants' application for a continuance, or order of the trial court on appellants' special exceptions, all of which are germane to the assignments and propositions urged by appellant on this appeal, and without which this court is unable to determine the merits of appellants' contentions.

Appellees' petition evidently is sufficient as against a general demurrer, and there appears in the record no fundamental error; hence the presumption must be indulged in favor of the actions of the trial court. No speculation on the part of this court, to reverse the action of the trial court in overruling appellants' application for continuance, can be entertained, since it may have rested on some ground unknown to this court and not capable of being known, in the absence of the motion. 3 Texas Jurisprudence, 352. The order overruling appellants' special demurrers to appellee's petition not being in the record, the assignments germane thereto can-

not be considered, as it must be concluded that the demurrers were waived. This court cannot assume error in the trial court in reference to matters not before it, and, no statement of facts being in the record, every presumption must be indulged in favor of the pleadings and judgment.

The pleadings setting up that appellee furnished labor and material, and that it agreed to put the roof on for the "price of time and material, not to exceed the sum of $325," such allegation is an ambiguous covenant, and subject to reasonable explanation and interpretation by the parties, and, without a statement of facts, this court is forced to the conclusion that the evidence raised the issues thereto submitted to the jury, and found support in the proof.

We have carefully considered the assignments and find no error in the trial court's ruling; therefore judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant Bryan insists that we consider his assignment on the action of the trial court, in overruling his application for a continuance, notwithstanding the application does not appear in the record on appeal, basing his contention on the sufficiency of a bill of exception, which recites the fact that the application was made orally and without the formalities incident to such motions.

In view of the earnest solicitation of appellant, seeking recognition of his assignment, we have carefully considered the action of the trial court, on the disclosures of the bill of exception. The bill shows that the case was set for trial on September 17, 1931, and at that time each party announced ready; on the next day, defendant Bryan, for the first time, filed an exception to plaintiff's petition, directed to the lack of itemization of labor and material therein, filed May 14, 1931, as to the general allegations that the contract, which was the basis of the suit, provided for work to be done for the costs of "labor and material not to exceed the sum of $325." On being advised of said exception, plaintiff amended its petition, and on September 21, 1931, showed the itemization to be as follows: "Material in the sum of $210.20, which was the cost to plaintiff, as specifically set out in the copies of dray bills made in the due course of business by plaintiff and attached thereto, and that, in accordance with the business custom a charge of 25% of the cost of labor and material was added, as profit, amounting to $64.23, making a total of $321.-80." On the amendment thus presented, the defendant sought a continuance, on the ground of surprise and for an opportunity to meet the issue raised by the new allegations.

 The record reveals that the case was tried September 21, 1931, and that appellant Bryan, on October 26, 1931, filed his motion for a new trial, which was overruled by the court on October 30, 1931. In the absence of a statement of facts, or a showing on the hearing of appellants' motion for a new trial, that harm resulted in denying his right of continuance, or that the matters complained of prejudiced his defense, we cannot determine the merit of appellants' contention. The mere filing of a new and independent extension of the pending cause of action, which may create a surprise to an opposing litigant, raises no presumption that the jury, in rendering its verdict, or the court in pronouncing its judgment, was actuated by the extended allegations, and we are not authorized to presume that appellant was injured, or that any of his rights were jeopardized. A statement of facts might have shown that such injury actually occurred, or the evidence, independent of the new matter, might have shown facts indisputable that no other judgment than the one entered could have been pronounced by the court. Every presumption must be indulged in favor of the action of the trial court. Appellants' motion for rehearing is therefore overruled.

Overruled.